Robert E. Grant Chief Judge, United States Bankruptcy Court
The debtor filed a petition for relief under Chapter 7 and subsequently received a discharge on May 20, 2017. Among his creditors was the Indiana Department of Workforce Development. The debtor's obligation to it was based on the Department's determination that he fraudulently misrepresented his employment status in order to obtain unemployment benefits. It had two components: $5,865 representing the overpayments themselves and $2,525.25 representing penalties for the fraudulent representations. After the case was closed, the court received a letter from the debtor, who is now proceeding pro se, asking that Department be held in civil contempt of court for violating the discharge injunction because it was seeking to collect on the pre-petition debt he owed it. The Department responded by acknowledging its collection efforts; but stated that those efforts were directed only to the penalty portion of the debt, and that it was not attempting to collect any portion of the overpayments. It argued that the penalty portion of the debt was non-dischargeable under § 523(a)(7) and so there was no violation of the discharge injunction. That is the question before the court, following a hearing held on the debtor's motion and the Department's response.
Broadly speaking, there are two categories of debt that are non-dischargeable under § 523. There are those that will be discharged unless, upon the timely request of the creditor, the bankruptcy court determines that they are excepted from discharge, and there are those that are automatically excepted from discharge without the need for any action in the bankruptcy court at all. See. 11 U.S.C. § 523(c)(1). Debts for fraud, 11 U.S.C. § 523(a)(2), fall into the former category; while debts excepted by § 523(a)(7) fall into the latter. These are debts "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and ... not compensation for actual pecuniary loss ...." 11 U.S.C. § 523(a)(7). This is a "broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures. Congress included two qualifying phrases: the fines must be both 'to and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary loss.' " Kelly v. Robinson, 479 U.S. 36, 37, 107 S.Ct. 353, 362, 93 L.Ed.2d 216 (1986). If those qualifications are met and the obligation in question is primarily penal in nature it is excepted from discharge, regardless of the label placed upon it. In re Sanderson, 509 B.R. 206, 211 (Bankr. W.D. Wis. 2014). See also, In re O'Brien, 110 B.R. 27, 33 (Bankr. D. Col. 1990).
It should be noted that the elements Congress established for non-dischargeability in § 523(a)(7) -the conditions the Court reiterated in Kelly-focus only upon characteristics of the debt itself: Is it penal? Is it for the benefit of a governmental unit? And, is it something other than compensation for an actual pecuniary loss? They do not involve, ask the bankruptcy court to pass upon, or require *304 the creditor to prove the underlying misconduct that led to the imposition of the penalty.[1] Indeed, in Kelly the Court emphasized that "the right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States" and "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly, 107 S.Ct. at 360, 361.
The obligation the Department was attempting to collect from the debtor satisfies all of the requirements of § 523(a)(7). It is penal in nature-although labels do not matter, it is called a "civil penalty"-imposed as a sanction for the knowing failure to disclose or knowing falsification of facts that would disqualify an individual from receiving unemployment benefits. See, I.C. 22-4-13-1.1(b). As an agency of the State of Indiana, see, I.C. 22-4.1-2-1, 22-4-18-1, the Department is a governmental unit. Finally, the amount in question, $2,525.25, is not compensation for the State's actual pecuniary loss but is in addition to that loss, calculated as a percentage of the payments the debtor wrongfully received because of his misconduct. As such, the penalty portion of the debtor's obligation to the Department is excepted from his discharge, even though his liability for the overpayments themselves has been discharged.[2]
Since the Department's collection efforts were directed only to the non-dischargeable penalty portion of the debtor's obligation to it, its actions did not violate the discharge injunction. The debtor's motion for contempt will be DENIED. An order doing so will be entered.

The situation is somewhat different where the overpayment portion of the Department's claim is concerned. Although the validity of that debt is a matter of state law, its dischargeability is a matter of federal law. Grogan v. Garner, 498 U.S. 279, 282-85, 111 S.Ct. 654, 657-58, 112 L.Ed.2d 755 (1991). Consequently, to except that part of the obligation from discharge-the part that represents the actual pecuniary loss-the Department would need to file a timely complaint with the bankruptcy court and prove that the debtor's actions satisfied the requirements of § 523(a)(2). This does not require it to "reprove" the state law claim that created the debt, but, instead, to prove that the debt satisfies the requirements of the federal claim for non-dischargeability. Those are two different claims-one state and one federal-which could have different outcomes. See, In re Owens, 2018 WL 1616852 (Bankr S.D. Ind. 2018) (Department failed to prove fraudulent intent under § 523(a)(2)(A) ). In much the same way, § 523(a)(2) and § 523(a)(7) also represent different causes of action which could have different outcomes because of their different elements. Id.See also, In re Burge, 2015 WL 10013011 (Bankr. S.D. Ind. 2015).

The Department did not file a timely complaint to determine dischargeability for fraud, under § 523(a)(2).